UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# MEMORANDUM

| Case No. | CV 12–09827 DSF (AGRx) | Date | 11/22/13 |
|---|---|---|---|
| Title | Loist Bennett v. Portfolio Recovery Associates, LLC | | |

| Present: The Honorable | DALE S. FISCHER, United States District Judge | |
|---|---|---|
| Debra Plato | | Not Present |
| Deputy Clerk | | Court Reporter |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** (In Chambers) Order DENYING Defendant's Motion for Summary Judgment (Docket No. 20)

Plaintiff Loist Bennett brings claims under the Fair Debt Collection Practices Act (FDCPA) and California Rosenthal Fair Debt Collection Practices Act (Rosenthal Act), alleging that Defendant Portfolio Recovery Associates, LLC (PRA) harassed her with calls regarding her alleged debts. PRA moves for summary judgment.[1]

## I. UNDISPUTED FACTS[2]

PRA, a debt collection company, acquired several accounts belonging to Bennett and attempted to collect on those accounts. In or about September 2001, PRA acquired a Sears National Bank account belonging to Bennett.[3] (Pl.'s Statement of Genuine Disputes (SGD) ¶ 5.) In or about June 2005, PRA acquired a delinquent MBNA account

---

[1] The Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78; Local Rule 7-15. The hearing set for December 2, 2013 is removed from the Court's calendar.

[2] The Court relies only on facts that are undisputed, facts as to which the "dispute" is either unsupported or immaterial, and facts as to which objections have been overruled. The Court declines to rule on objections to evidence that is immaterial to its decision.

[3] Bennett disputes PRA's assertion that she was delinquent on this account. (SGD ¶ 5.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

belonging to Bennett and her husband. (Id. ¶ 7.) In or about March 2007, PRA acquired a delinquent Capital One Bank account belonging to Bennett and her husband. (Id. ¶ 6.)

PRA called Bennett's home landline telephone number on a regular basis in an attempt to obtain payment on these accounts. (Id. ¶ 8.) PRA also called the same landline number in relation to a delinquent account belonging to Bennett's daughter. (Id. ¶ 10.) PRA's calls were answered on four occasions; three of those were calls relating to Bennett's daughter's account.[4] (Id. ¶ 12.) In the year preceding the filing of the Complaint, PRA never attempted to call again on any day when Bennett or anyone at her residence actually answered the telephone, even if the phone was hung up without any conversation occurring. (Id. ¶¶ 15-16.) The only time anyone from PRA spoke to someone at Bennett's home telephone number regarding one of Bennett's accounts was on January 30, 2012. (Id. ¶ 13.) On that occasion, Bennett told the collector that she did not owe a bill and subsequently hung up. (Id. ¶ 18.) The collector did not shout, did not use profane language, and did not threaten Bennett during the call. (Id.) Bennett did not ask that PRA stop calling. (Id.) On receiving a cease and desist letter from Bennett on April 7, 2012, PRA made no further attempts to call Bennett. (Id. ¶ 20.) During the time period PRA attempted to call Bennett, other debt collectors were also attempting to reach Bennett. (Id. ¶ 27.)

## II. LEGAL STANDARD

"The Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party need not disprove the opposing party's case. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Rather, if the moving party satisfies this burden, the party opposing the motion must set forth specific facts, through affidavits or admissible discovery materials, showing that there exists a genuine issue for trial. Id. at 323-24; Fed. R. Civ. P. 56(c)(1). "This burden is not a light one." In re Oracle Corp. Sec. Litig., 627 F.3d 376, 387 (9th Cir. 2010). In ruling on a summary judgment motion, the Court must construe the evidence in the light most favorable to the non-moving party. Nolan v. Heald College, 551 F.3d 1148, 1154 (9th Cir. 2009).

A non-moving party who bears the burden of proof at trial as to an element essential to its case must make a showing sufficient to establish a genuine dispute of fact with respect to the existence of that element of the case or be subject to summary judgment. See Celotex Corp., 477 U.S. at 322.

---

[4] Bennett purports to dispute this fact, but only disputes the relevant total number of calls made by PRA. (SGD ¶ 12.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# MEMORANDUM

## III.  DISCUSSION

### A.  Harassment

Section 1692d of the FDCPA prohibits a debt collector from "engag[ing] in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. A debt collector who "[c]aus[es] a telephone to ring or engag[es] any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number" violates this provision. Id. § 1692d(5). The Rosenthal Act prohibits a debt collector from "[c]ausing a telephone to ring repeatedly or continuously to annoy the person called." Cal. Civ. Code § 1788.11(c). Courts interpret these two provisions similarly. See, e.g., Arteaga v. Asset Acceptance, LLC, 733 F. Supp. 2d 1218, 1229 (E.D. Cal. 2010) ("The above [FDCPA] analysis applies equally to [plaintiff]'s Rosenthal Act claims."); Joseph v. J.J. Mac Intyre Companies, L.L.C., 238 F. Supp. 2d 1158, 1168 (N.D. Cal. 2002) (Joseph I) ("[T]he relevant language in these portions of the Rosenthal Act closely mirrors that of the FDCPA, and thus it will be similarly interpreted."). "To prove a claim under these sections, a plaintiff must show that the repeated calls were made with the intent to annoy, abuse, or harass." Jiminez v. Accounts Receivable Mgmt., Inc., No. CV 09-9070-GW(AJWx), 2010 WL 5829206, at *3 (C.D. Cal. Nov. 15, 2010). Such an intent can be inferred from the volume or pattern of phone calls at issue. See, e.g., Joseph I, 238 F. Supp. 2d at 1168 ("Whether there is actionable harassment or annoyance turns not only on the volume of calls made, but also on the pattern of calls."); Krapf v. Nationwide Credit Inc., No. SACV 09-00711 (JVS)(MLGx), 2010 WL 2025323, at *3 (C.D. Cal. May 21, 2010) ("In determining liability under § 1692d(5), courts often consider the volume and pattern of calls made to the debtor.").

As an initial matter, the parties dispute which phone calls are relevant to this analysis. In her Opposition, Bennett focuses on calls she received from PRA from August 2011 through March 2012 – a total of 113 calls.[5] As PRA notes, both the FDCPA and the Rosenthal Act contain statutes of limitation that run one year from the date of the violation. 15 U.S.C. § 1692k(d); Cal. Civ. Code § 1788.30(f). PRA argues that, because

---

[5] Bennett states in her Opposition that the total number of calls during this period was 119. (Opp'n to Mot. for Summ. J. 17.) In reaching this number, Bennett relies on PRA's Call Logs, (Decl. of Suren N. Weerasuriya, Ex. A (Call Logs)), the accuracy of which she does not dispute, (SGD ¶¶ 1-3). But the Court's independent review of the Call Logs makes clear that, beginning in August 2011, the total number of calls PRA made to Bennett's home telephone number – the number ending in "2801" – was 113. (See Call Logs.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**MEMORANDUM**

Bennett filed her Complaint on October 9, 2012, (Docket No. 1, Notice of Removal 1), the Court should only consider the 78 calls PRA made on or after October 9, 2011. Courts, however, have held that the "continuing violation" doctrine applies to debt collection claims. Joseph v. J.J. Mac Intyre Companies, L.L.C., 281 F. Supp. 2d 1156, 1161 (N.D. Cal. 2003) (Joseph II); see also Komarova v. Nat'l Credit Acceptance, Inc., 175 Cal. App. 4th 324, 344 (2009). Under this doctrine, "the suit is timely if the action is filed within one year of the most recent date on which the defendant is alleged to have violated the FDCPA, and the entire course of conduct is at issue." Joseph II, 281 F. Supp. 2d at 1161 (citation and quotation marks omitted). This doctrine applies here, where "the conduct complained of constitutes a continuing pattern and course of conduct as opposed to unrelated discrete acts." Id.; see also Komarova,175 Cal. App. 4th at 344 (applying continuing violation doctrine to Rosenthal Act claim because "[u]nreasonably frequent calling . . . is clearly a continuing course of conduct under this test because the violation occurs only through repetition"). Bennett's harassment claims rest on the volume and pattern of calls, not on the substance of any discrete calls. Cf. Johnson v. JP Morgan Chase Bank, No. CVF0080081(LJO)(SMSx), 2009 WL 382734, at *5 (E.D. Cal. Feb. 13, 2009) (refusing to apply continuing violation doctrine because "[defendant]'s statement to [plaintiff] was a discrete act rather than a continuing pattern or course of conduct"). Therefore, the continuing violation doctrine applies, and the Court will consider calls made by PRA beginning in August 2011.[6]

     PRA also argues that the calls it made to Bennett's home in relation to Bennett's daughter's debts should be disregarded because they were not directed at Bennett. These constituted 40 of the 113 calls at issue. (See Decl. of Suren N. Weerasuriya, Ex. A (Call Logs); SGD ¶ 10.) The FDCPA prohibits a debt collector from "[c]ausing a telephone to ring or engaging *any person* in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass *any person at the called number*." 15 U.S.C. § 1692d(5) (emphasis added). The Rosenthal Act similarly forbids a debt collector from "[c]ausing a telephone to ring repeatedly or continuously to annoy *the person called*." Cal. Civ. Code § 1788.11 (emphasis added). The statutes contain no requirement that the calls be made in relation to an account held by the plaintiff. Here, because PRA called the same

---

[6] Although some courts have refused to consider calls outside of the limitations period, those courts did not consider the potential applicability of the continuing violation doctrine. See, e.g. Lopez v. Prof'l Collection Consultants, No. CV 11-3214 PSG (PLAx), 2013 WL 708701, at *3 n.1 (C.D. Cal. Feb. 26, 2013) ("Two of the alleged phone calls are outside of the statute of limitations, as the Complaint was filed on April 15, 2011, and the two calls pre-date the filing of the Complaint by more than one year."); Pittman v. J.J. Mac Intyre Co. of Nevada, Inc., 969 F. Supp. 609, 611 (D. Nev. 1997).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

telephone number regarding Bennett's accounts and her daughter's account, PRA was aware that all of its calls to that number could have the effect of annoying, abusing, or harassing Bennett. As one court stated, "regardless of whether Plaintiff was the intended target, receipt of . . . calls that could have reasonably been perceived by Plaintiff as directed at her (since many of the calls were not expressly directed at others) could have intensified her stress and privacy invasion, which the statutes seek to prevent." Joseph II, 281 F. Supp. 2d at 1165. The Court will therefore consider all 113 calls made by PRA to Bennett's number, regardless of the intended recipient.

"Court opinions differ . . . as to the amount or pattern of calls sufficient to raise a triable issue of fact regarding the intent to annoy, harass, or oppress." Arteaga, 733 F. Supp. 2d at 1227. Nonetheless, PRA's 113 calls to Bennett's number in an eight-month period – viewed in the light most favorable to Bennett – suggest that PRA intended to annoy, abuse, or harass Bennett. See Joseph II, 281 F. Supp. 2d at 1162, 1164-65 (denying summary judgment where defendant called plaintiff approximately 75 times in a two-and-a-half year period); Rucker v. Nationwide Credit, Inc., No. 2:09-CV-2420-GEB-EFB, 2011 WL 25300, at *2 (E.D. Cal. Jan. 5, 2011) (denying summary judgment where defendant called plaintiff approximately 80 times in a one-year period); cf. Branco v. Credit Collection Servs. Inc., No. CIV. S-10-1242 FCD/EFB, 2011 WL 3684503, at *7 (E.D. Cal. Aug. 23, 2011) ("[H]ere, fourteen calls over a period of four months, where the majority of the calls were placed approximately *once every seven days* is not sufficient to establish that 'the natural consequence' of defendant's calls was to 'harass, oppress or abuse' plaintiff."). Even if this fact alone is insufficient to preclude summary judgment, "[c]alling a debtor numerous times in the same day, or multiple times in a short period of time, can constitute harassment under the FDCPA." Arteaga, 733 F. Supp. 2d at 1228. Here, PRA called Bennett's number twice in one day on twenty occasions,[7] and three times in one day on eight occasions.[8] (See Call Logs.) This volume and pattern of calls is sufficient to raise a genuine dispute of material fact as to the alleged violations of Section 1692d of the FDCPA and Section 2788.11(c) of the Rosenthal Act.

---

[7] These calls occurred on the following dates: August 16, 2011; August 26, 2011; August 31, 2011; September 8, 2011; September 13, 2011; September 20, 2011; October 10, 2011; October 11, 2011; October 17, 2011; October 20, 2011; October 28, 2011; November 3, 2011; November 10, 2011; November 18, 2011; December 12, 2011; December 13, 2011; December 28, 2011; February 2, 2012; February 29, 2012; and March 13, 2012. (See Call Logs.)

[8] These calls occurred on the following dates: October 13, 2011; November 14, 2011; November 28, 2011; November 29, 2011; January 5, 2012; January 24, 2012; February 13, 2012; and February 15, 2012. (See Call Logs.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**MEMORANDUM**

### B. Misleading Communications

Bennett also alleges that PRA violated Section 1692e(2)(A) of the FDCPA, which prohibits a debt collector from making a "false representation of . . . the character, amount, or legal status of any debt." Here, Bennett has put forward evidence that PRA called her regarding a Sears National Bank debt that Bennett declares she did not owe at the time of the call.[9] (SGD ¶ 36; Decl. of Loist Bennett ¶¶ 6-7.) Although PRA disputes this, (Reply in Support of Mot. for Summ. J. 9), such a dispute is to be resolved by the trier of fact. Moreover, Section 1692e is a strict liability provision; PRA's actions need not have been "knowing or intentional" to constitute a violation. Clark v. Capital Credit & Collection Servs., Inc., 460 F.3d 1162, 1176 (9th Cir. 2006).

PRA argues, however, that the FDCPA's bona fide error defense precludes liability here. Under the FDCPA, "[a] debt collector may not be held liable in any action brought under this subchapter if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error." 15 U.S.C. § 1692k(c). Because "[t]his narrow exception to strict liability under the FDCPA is an affirmative defense, . . . [PRA] b[ears] the burden of proof at summary judgment." Clark, 460 F.3d at 1176-77. The only evidence PRA has put forward on this issue is a declaration that, "[a]s part of the acquisition of the Sears Account, PRA received identifying information about the debtor including contact information, the balance due, and the debtor's social security number." (Decl. Of Nyetta Jackson ¶ 6.) PRA has failed to offer evidence supporting the accuracy of this information or showing that PRA's reliance on this information was reasonable. See Clark, 460 F.3d at 1177 (rejecting bona

---

[9] PRA argues that the "sham affidavit" rule bars the Court from relying on Bennett's declaration. Indeed, "[t]he general rule in the Ninth Circuit is that a party cannot create an issue of fact by an affidavit contradicting his prior deposition testimony." Kennedy v. Allied Mut. Ins. Co., 952 F.2d 262, 266 (9th Cir. 1991). This rule, however, "is in tension with the principle that a court's role in deciding a summary judgment motion is not to make credibility determinations or weigh conflicting evidence." Van Asdale v. Int'l Game Tech., 577 F.3d 989, 998 (9th Cir. 2009). Therefore, the rule will only apply if the "district court . . . make[s] a factual determination that the contradiction was actually a 'sham'" and if "the inconsistency between a party's deposition testimony and subsequent affidavit [is] clear and unambiguous." Id. (citation and quotation marks omitted). Here, the purported inconsistencies between Bennett's declaration and her prior deposition testimony are ambiguous at best. (See Reply in Support of Mot. for Summ. J. 10-11.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

fide error defense where defendants "presented no evidence to demonstrate that their reliance on [the transferor]'s representations was reasonable or that they maintained procedures to avoid errors").

PRA has not met its burden to establish a bona fide error defense, and genuine issues of material fact remain regarding the 1692e(2)(A) claim.

## IV. CONCLUSION

For the foregoing reasons, PRA's motion for summary judgment is DENIED.

IT IS SO ORDERED.